THOMAS CADICAMO, as Administrator of the Estate of MARIA E. CADICAMO, Deceased, Appellant, v. LONG ISLAND COLLEGE HOSPITAL, Respondent.— In this action, the administrator of a newborn infant sues to recover for the intestate's conscious pain and suffering and for its wrongful death, which resulted from the burning of the bassinet in which the infant lay in the nursery in defendant's hospital. The evidence was that the infant's temperature had been subnormal and that, following the customary procedure, a lamp had been placed over its wrapped feet to warm it. After feeding the infant, the student nurse then in charge, noticing that the infant felt cold to her touch, sought to bring its temperature to normal by replacing the lamp over its wrapped feet. However, instead of adjusting the lamp at the usual distance of six inches from the blanket she adjusted it three inches therefrom, which caused the fatal fire. Plaintiff appeals from the order setting aside the verdict in his favor, directing a verdict in favor of defendant and dismissing the complaint, and from the judgment entered thereon. Judgment affirmed, with costs. No opinion. Appeal from order dismissed, without costs. No such order is printed in the record. Wenzel, Acting P. J., MacCrate and Schmidt, JJ., concur; Beldock, J., concurs in the dismissal of the appeal from the order, but dissents and votes to reverse the judgment and to reinstate the verdict, with the following memorandum: The infant was born normal and healthy. The testimony is that there was no necessity for any medical care for this infant. She was in the custody of the hospital for safekeeping until the mother was well enough to go home. The hospital breached its duty of safekeeping when the student nurse negligently placed the electric bulb too close to the blanket covering the child. Any negligent act which caused injury to the child while in the sole custody of the hospital creates liability. (See *Lederman* v. *Boulevard Sanitarium,* 263 App. Div. 727, motion for leave to appeal denied, 287 N. Y. 852.) In addition, the jury might properly find, in view of the fact that no medical treatment of the infant was either requested by the parents or directed by the physician in charge, or was required, that placing the bulb within three inches of the blanket was not in the course of medical treatment of the infant but constituted administrative negligence. Murphy, J., dissents and votes to reverse the judgment for defendant and to reinstate the verdict, with the following memorandum:

The proof warrants a finding that it is defendant's practice to raise temperatures to normal and to place a naked lighted electric bulb within six inches of a newly born infant while it lies wrapped in blankets in a cotton-lined bassinet. Such a practice as a matter of hospital routine is manifestly negligent and is of an administrative nature. (*Bickford* v. *Peck Memorial Hosp.*, 266 App. Div. 875; *Iacono* v. *New York Polyclinic Med. School & Hosp.*, 296 N. Y. 502.) Even if it were of a medical nature, the jury was enabled to find administrative negligence under the general charge of the court, in that the defendant assigned administration of this dangerous practice to a student nurse as the only nurse in charge, and who was permitted to leave the nursery unattended for a substantial length of time. The student nurse placed the naked bulb even closer than the six inches, and the fire occurred during her twenty-minute absence. (Cf. *Santos* v. *Unity Hosp.*, 301 N. Y. 153.)